UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL MAXIE,<br><br>    Plaintiff,<br><br>    v.<br><br>DAMON R LEICHTY, et al.,<br><br>    Defendants. | Case No. 3:24-CV-741-GSL-SJF |

## OPINION AND ORDER

On October 23, 2024, after Plaintiff's case had been dismissed with prejudice and without leave from this Court, Plaintiff filed a Motion to Amend, attempting to add additional parties and asserting new claims in his Complaint. [DE 19]. For the reasons below, Plaintiff's Motion is DENIED.

## BACKGROUND

Each of the allegations contained in the Complaint stem from the state court proceedings in *Michael Maxie v. South Bend Heritage Foundation & Gloria Murphy*, Case No. 71D06-2209-CT-000392, and federal court proceedings in *Maxie v. St. Joseph County, et. al*, Case No. 3:24-cv-267.[1] In his state case, Plaintiff sued South Bend Heritage Foundation and Gloria Murphy because his rent was increased after he reported bed bugs. *See Michael Maxie v. South Bend Heritage Foundation & Gloria Murphy*, Case No. 71D06-2209-CT-000392, 10/21/2022 Complaint. Granting summary judgment for the Defendants, the state court found that "Plaintiff has failed to present any evidence that the reasoning for rental increase by South Bend Heritage

---

[1] Plaintiff represented himself in *Michael Maxie v. South Bend Heritage Foundation & Gloria Murphy*, Case No. 71D06-2209-CT-000392, and in *Maxie v. St. Joseph County, et. al*, Case No. 3:24-cv-267. He remains self-represented in this case.

Foundation is pretextual or discriminatory." *See Michael Maxie v. South Bend Heritage Foundation & Gloria Murphy*, Case No. 71D06-2209-CT-000392, 02/28/2024 Order.

In response, Plaintiff filed a complaint in federal court, *Maxie v. St. Joseph County, et. al*, Case No. 3:24-cv-267, seeking review of the state court decisions. This case was assigned to Defendant Judge Leichty, who ultimately dismissed Plaintiff's claims because federal courts do not have authority to review state court decisions. *Maxie v. St. Joseph County, et. al*, Case No. 3:24-cv-267 [DE 5]. Plaintiff then proceeded to file six more motions requesting that the court reconsider its decision (twice), set aside its judgment, recuse from the case, grant leave to amend, and allow Plaintiff to proceed in forma pauperis. *Maxie v. St. Joseph County, et. al*, Case No. 3:24-cv-267 [DE 17]. All were denied, and Plaintiff was warned more motions could result in sanctions or filing restrictions. *Id.*

Plaintiff then filed a Complaint with this Court, *Maxie v. Leichty, et. al*, Case No. 3:24-cv-741. In his Complaint, Plaintiff contests Defendant Judge Leichty's dismissal of his claims in *Maxie v. St. Joseph County, et. al*, Case No. 3:24-cv-267, and challenges the decisions made by state Magistrate Judges Tamashasky and Raper in *Michael Maxie v. South Bend Heritage Foundation & Gloria Murphy*, Case No. 71D06-2209-CT-000392. Plaintiff also filed a Motion to Proceed in Forma Pauperis.

On October 4, 2024, this Court dismissed Plaintiff's claims with prejudice. While the Court found that Plaintiff's Motion to Proceed in Forma Pauperis did establish Plaintiff could not prepay the filing fee, before granting his Motion the Court had to determine whether his action was frivolous or malicious, failed to state a claim for which relief may be granted, or sought monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

2

*Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). Plaintiff's claims failed for two reasons.

To the extent Plaintiff's Complaint sought review of the state court decisions in *Michael Maxie v. South Bend Heritage Foundation & Gloria Murphy*, Case No. 71D06-2209-CT-000392 and those made by Defendant Magistrate Judges Tamashasky and Raper, federal courts lack authority to review state court judgments. *See Skinner v. Switzer*, 562 U.S. 521, 532-33 (2011); *Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020). This Court does not have power to act on those claims. Next, Plaintiff's claims against the Defendant judges failed as well, because judges are entitled to absolute judicial immunity from damages for acts performed in their judicial capacity. *Patterson v. Chambers*, 2023 U.S. App. LEXIS 27907, *3 (7th Cir. Oct. 20, 2023) (citing *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005)). This Court dismissed Plaintiff's claims with prejudice because amendment would be futile; no matter the facts Plaintiff alleged, this Court still would not have authority to (1) review state court decisions or (2) oversee a suit for damages against judges.

In response to this Court's dismissal with prejudice of his claims, on October 23, 2024, and without leave from the Court, Plaintiff filed a Motion to Amend, attempting to add the State of Indiana and St. Joseph County as Defendants and asserting additional claims. [DE 19].

## **DISCUSSION**

As an initial matter, Plaintiff never sought leave from opposing counsel or this Court to file his Motion to Amend, but should have, under Rule 15(a)(2). *See* Federal Rule of Civil Procedure 15(a)(2) ("… a party may amend its pleading only with the opposing party's written consent or the court's leave…"). However, even if Plaintiff had requested leave, his request

3

would have been denied.[2] After the entry of judgment, like here, the presumption that leave to amend be freely given pursuant to F.R.C.P. 15(a) disappears. *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994). Once the court enters judgment, a plaintiff may amend his complaint only after successfully moving to vacate or set aside a judgment under Federal Rule of Civil Procedure 59(e) or 60(b). *See Foster v. DeLuca*, 545 F.3d 582, 583 (7th Cir. 2008); *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 790 (7th Cir. 2004). Plaintiff does not cite to or reference Federal Rules of Civil Procedure 59(e) or 60(b) in his Motion to Amend, nor does he provide any support, caselaw or otherwise, for amending his complaint without leave after judgment has been entered.

Plaintiff is attempting to use the federal courts to challenge state court decisions and to sue judges for damages as a result of those state court decisions. He has done so, now, in two separate federal cases, both of which have been dismissed. *See Maxie v. St. Joseph County, et. al.*, Case No. 3:24-cv-267; *Maxie v. Leichty, et. al.,* Case No. 3:24-CV-741-GSL-SJF. The federal courts cannot provide Plaintiff with the relief he seeks on either claim.

## CONCLUSION

Plaintiff did not seek leave to file his Motion. As a result, Plaintiff's Motion to Amend, [DE 19] is DENIED.

SO ORDERED.

ENTERED: November 4, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court

---

[2] Other courts in this Circuit have held that a motion for leave to file an amended complaint is inappropriate in a closed case. *See Peace v. Douma*, 2016 U.S. Dist. LEXIS 103267, *2 (E. D. Wis. Aug. 5, 2016).