UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL MAXIE,

    Plaintiff,

    v.

DAMON R LEICHTY, et al.,

    Defendants.

Case No. 3:24-CV-741-GSL-SJF

## OPINION AND ORDER

### I.    Background

On September 4, 2024, Plaintiff filed his Complaint, [DE 1], seeking review of the state court decisions in *Michael Maxie v. South Bend Heritage Foundation & Gloria Murphy*, Case No. 71D06-2209-CT-000392, and of the federal court decisions made in *Maxie v. St. Joseph County*, Case No. 3:24-cv-267. The Court dismissed Plaintiff's Complaint with prejudice, explaining that federal courts lack authority to review state court judgments. *See Skinner v. Switzer*, 562 U.S. 521, 532-33 (2011); *Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020). The Court further explained that Plaintiff's claims against the Defendant Judges also failed because judges are entitled to absolute judicial immunity from damages for acts performed in their judicial capacity. *Patterson v. Chambers*, 2023 U.S. App. LEXIS 27907, *3 (7th Cir. Oct. 20, 2023) (citing *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005)). Plaintiff's claims were dismissed with prejudice because amendment would be futile; regardless of the facts Plaintiff alleged, this Court still would not have authority to (1) review state court decisions or (2) oversee a suit for damages against judges.

On October 23, 2024 after Plaintiff's case had been dismissed with prejudice, and, without leave from this Court, Plaintiff filed a Motion to Amend, attempting to add parties and asserting new claims in his Complaint. [DE 19]. On November 4, 2024, and for the same reasons as elucidated above, the Court denied Plaintiff's Motion to Amend, because there are no set of facts Plaintiff could allege that would give the Court authority to provide the relief he requests. [DE 21].

In response to this denial, Plaintiff filed a Motion to Proceed *In Forma Pauperis*, [DE 22], during his appeal to the Seventh Circuit. In his Motion, Plaintiff states that his issues on appeal are:

> 1. Denied The Rights to a Jury Trial violation of the Seventh Amendment. 2. Denied the Rights to be Heard. 3. Denied Access to the Court. 4. Denied to rights to Cross examine witnesses. 5. Denied the Right for Discovery. 6. Denied the Rights to impartial Judge. 7. Denied the Rights to present evidences. 8.. Denied the Rights to Property. 9. Discrimination for Fair Housing, and Race. 10. violation of procedural due process of law, and Deprived of his CONSITUTIONAL RIGHTS secured by the Federal Constitution or laws of the United States.

[DE 22, Page 1]. To the extent Plaintiff is attempting to appeal the state court decisions in *Michael Maxie v. South Bend Heritage Foundation & Gloria Murphy*, Case No. 71D06-2209-CT-000392, those appeals fail. *See Seaway Bank & Trust Co. v. J&A Series I, LLC*, 962 F.3d 926, 932 (7th Cir. 2020) (the Rooker-Feldman bar is jurisdictional and may not be waived). The essence of the Rooker-Feldman doctrine is that the lower federal courts do not have the authority to review judgments of the state courts. Litigants who believe a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then to the United States Supreme Court. *See Skinner v. Switzer*, 562 U.S. 521, 532-33 (2011); *Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020). And, similarly, to the extent Plaintiff is attempting to

appeal the federal court decisions made in *Maxie v. St. Joseph County*, Case No. 3:24-cv-267, those appeals fail as well. Plaintiff may not appeal the decisions of other federal courts in other proceedings; he must appeal those decisions in those specific proceedings. Here, Plaintiff may only appeal decisions of *this Court* in *this proceeding*.

## II. Procedural Deficiencies

Under Federal Rule of Appellate Procedure 3, the party seeking an appeal must file a Notice of Appeal with the district court. Federal Rule of Appellate Procedure 3(a)(1). Although "[t]he court of appeals may, in its discretion, overlook defects in a notice of appeal other than the failure to timely file a notice," "[i]t may not overlook the failure to file a notice of appeal at all." *United States v. Bonk*, 967 F.3d 643, 649-650 (7th Cir. 2020) (citing *Manrique v. U.S.*, 137 S. Ct. 1266, 1274). "Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." *Smith v. Barry*, 502 U.S. 244, 248 (1992). "[N]oncompliance is fatal to an appeal." *Id*. Here, because Plaintiff failed to file a Notice to Appeal, his Motion to Proceed *In Forma Pauperis* does not comply with the requirements in Federal Rule of Appellate Procedure 3, and as a result, must be denied.

## III. Legal Frivolity

Notwithstanding Plaintiff's fatal procedural error, his Motion would have been denied for the same reasons as outlined above, because Plaintiff's claims are legally frivolous. This Court, nor the Seventh Circuit Court of Appeals, has the authority to grant Plaintiff the relief he requests. Plaintiff should have appealed the decisions from *Michael Maxie v. South Bend Heritage Foundation & Gloria Murphy*, Case No. 71D06-2209-CT-000392 to the Indiana Appellate Court. And, Plaintiff should have appealed the decisions from *Maxie v. St. Joseph County*, Case No. 3:24-cv-267 to the Seventh Circuit. Plaintiff continues to seek review of the

decisions made in the earlier state and federal cases, which this Court, nor the Seventh Circuit, has jurisdiction to review. Finally, Plaintiff cannot proceed with a claim for damages against federal judges.

### IV.    Conclusion

Because Plaintiff failed to comply with the procedural requirements and because his claims are legally frivolous, Plaintiff's Motion to Proceed *In Forma Pauperis*, [DE 22], for his appeal to the Seventh Circuit is DENIED.

SO ORDERED.

ENTERED: November 15, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court